[L. A. No. 557.   Department One.—November 7, 1899.]

AMBROSE COMPTON, Road Commissioner, et cetera, Respondent, v. W. W. CARR et al., Appellants.

PUBLIC HIGHWAY—ACTION TO ESTABLISH—CONTRADICTORY FINDINGS.—
In an action by a road commissioner, under section 2731 of the Political Code, to abate an encroachment upon an alleged public highway, which highway the defendants denied was a public highway or ever dedicated to public use, findings in favor of the plaintiff, which in one place describes the highway by metes and bounds, showing it to be sixty-six feet in width, and in another place as being of the uniform width of forty feet, without a definite location of such forty feet, are contradictory, and will not support a judgment establishing the highway and abating the encroachment.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Rolfe & Rolfe, for Appellants.

L. Gill, for Respondent.

VAN DYKE, J.—The plaintiff, as one of the supervisors of Riverside county and road commissioner of his supervisorial district, brought this action against the defendants for the obstruction of an alleged public highway within his road district. The action is brought under the provisions of the Political Code: "If any highway duly laid out or erected is encroached upon by fences, buildings, or otherwise, the road overseer of the district may, orally or in writing, require the encroachment to be removed from the highway." (Pol. Code, sec. 2731.) "If the encroachment is denied, and the owner, occupant, or person controlling the matter or thing charged with being an encroachment refuses to remove or permit the removal thereof, the road overseer must commence, in the proper court, an action to abate the same as a nuisance; and if he recovers judgment he may, in addition to having the same abated, recover ten dollars for every day such nuisance remained after notice, also costs in said action." (Pol. Code, sec. 2734.) Defendants in their answer did not deny the encroachment—that is, erecting the fence alleged to be on the highway—but denied that the alleged highway was a public highway, or ever dedicated as such.

The complaint as amended described by courses and distances a strip thirty-three feet wide on each side of the common line dividing lots 2 and 3 in the Arthur Parks tract in West Riverside, the said strip being in all one chain, or sixty-six feet, in width, by twenty-two and sixty-eight hundredths chains in length, and alleges that this strip is, and for many years has been, a duly laid-out, constructed, and established public highway. The court finds that the said strip (giving the same description as in the complaint) is and has been a public highway and has been used as such without interruption for about fifteen years, and has been practically the principal road in a northerly and southerly direction in the locality in which said road is situated, during all of said time. "That said strip

of land was dedicated to the public as a public highway by one Arthur Parks, Sr., many years ago, who at the time of said dedication was the owner of the tract of land through which said road passes. That said highway is of the uniform width of forty feet." The court further finds that the defendants obstructed said road as charged, and, as a conclusion of law, that the plaintiff is entitled to a judgment to have the obstruction removed and for costs. The judgment entered upon the findings, after the preliminary recitals, reads: "Wherefore, by reason of the law and the findings aforesaid, it is ordered, adjudged, and decreed that the plaintiff, Ambrose Compton, as road commissioner of the first supervisorial road district of the county of Riverside, do have and recover judgment as follows: 1. That that certain highway in the county of Riverside, described as follows, is and for many years has been a public highway. [Then follows the same description by courses and distances contained in the amended complaint and in the findings, being the strip one chain or sixty-six feet in width.] 2. That said highway is of the uniform width of forty (40) feet," and that the obstructions were placed across the same as charged, and that the same be removed, together with plaintiff's costs.

Defendants moved for a new trial, which was denied, and this appeal is from the judgment and from an order denying a new trial.

It is contended on behalf of the appellants: 1. That the findings are contradictory and inconsistent with each other in material matters; 2. That the evidence does not support the findings that there was or is a public highway.

The court found, as shown, that there was a public highway one chain, or sixty-six feet, in width, describing the same by metes and bounds. Owing to the nature of the testimony, or for some other reason, the court also finds that the dedicated road is only forty feet wide, being the minimum width fixed by law of all public highways. (Pol. Code, sec. 2620.) The court, however, failed to locate the dedicated strip limited to forty feet, and that remains, as it were, afloat. It may be located in the center of the wider strip, that is, twenty feet on each side of the line dividing the lots of the defendants, or

all on one side of said exterior strip, to wit, thirty-three feet on one side of the dividing line and seven feet on the other.

It is quite impossible to reconcile these contradictory and conflicting findings so as to support the judgment, and for that reason, without considering the other point raised by the appellants, the cause will have to be remanded.

The judgment and order denying a new trial are reversed.

Harrison, J., and Beatty, C. J., concurred.